IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DATA CARRIERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>1-800 CONTACTS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 13-1620 (LPS) |

**AMENDED ANSWER AND COUNTERCLAIM OF 1-800 CONTACTS, INC.**

## ANSWER

Defendant 1-800 Contacts, Inc. ("1-800 Contacts") though its undersigned attorneys, hereby responds to the allegations in Plaintiff's Complaint (D.I. No. 1) as follows:

## PARTIES

1. 1-800 Contacts lacks sufficient knowledge regarding the allegations in Paragraph 1 of the Complaint and on this basis denies them.

2. 1-800 Contacts admits that it is a Delaware corporation with a principal office at 66 East Wadsworth Park Drive, Draper, Utah 84020. 1-800 Contacts further admits that it may be served with process via its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801. 1-800 Contacts denies all other allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. 1-800 Contacts admits that Plaintiff purports to assert claims under the patent laws of the United States, Title 35 of the United States Code. 1-800 Contacts further admits that

this Court has subject matter jurisdiction over this case. 1-800 Contacts denies all other allegations in Paragraph 3 of the Complaint.

4. Although the allegations in Paragraph 4 of the Complaint state legal conclusions with respect to personal jurisdiction to which no response is required, 1-800 Contacts admits that this Court has personal jurisdiction over it in this matter.

5. Although the allegations in Paragraph 5 of the Complaint state legal conclusions with respect to venue to which no response is required, 1-800 Contacts admits that venue is proper in this District.

## COUNT I:
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,388,198

6. 1-800 Contacts admits that the U.S. Patent and Trademark office issued U.S. Patent No. 5,388,198 ("the '198 Patent"), entitled "Proactive Presentation of Automating Features to a Computer User" on February 7, 1995, and that a document purporting to be a copy of the '198 Patent was attached as Exhibit A to the Complaint. 1-800 Contacts lacks sufficient knowledge regarding Plaintiff's status as the owner of the rights in the '198 Patent and on this basis denies those allegations. 1-800 Contacts denies all remaining allegations in Paragraph 6 of the Complaint.

7. 1-800 Contacts lacks sufficient knowledge as to Plaintiff's right to enforce the '198 Patent and to recover for damages for any alleged infringement of the '198 Patent and on this basis denies those allegations in Paragraph 7. 1-800 Contacts denies all remaining allegations in Paragraph 7 of the Complaint.

8. With respect to the only website specifically identified in Paragraph 8 of the Complaint (www.glasses.com), 1-800 Contacts denies the allegations. 1-800 Contacts lacks

sufficient knowledge regarding any other websites that are referenced, but not specifically named, in Paragraph 8 of the Complaint, and on this basis denies all such allegations.

9. The allegations in Paragraph 9 of the Complaint state a legal conclusion with respect to Plaintiff's allegation of infringement to which no response is required. 1-800 Contacts denies that it has infringed the '198 Patent and denies all other allegations in Paragraph 9 of the Complaint.

10. 1-800 Contacts denies all allegations in Paragraph 10 of the Complaint.

11. 1-800 Contacts denies any additional allegation in the Complaint, whether express or implied, to the extent that any such additional allegation was not specifically admitted to or denied above.

## PRAYER FOR RELIEF

12. 1-800 Contacts denies that Plaintiff is entitled to any relief requested in its Prayer for Relief.

## DEFENSES

1-800 Contacts incorporates herein by reference the admissions, allegations, and denials contained in its Answer above as if fully set forth herein. 1-800 Contacts reserves all defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or be available in the future based on discovery and further factual investigation. 1-800 Contacts alleges and asserts the following affirmative defenses in response to Plaintiff's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted. In particular, Plaintiff's Complaint fails to state a plausible claim against 1-800 Contacts under Rule 8 of the Federal Rules of Civil Procedure with respect to Plaintiff's claim of direct infringement, and further fails to plead sufficient facts to state a plausible claim for indirect or joint infringement.

### SECOND DEFENSE

1-800 Contacts has not infringed and is not infringing any valid and enforceable claim of the asserted patent, either directly or indirectly, jointly, literally or under the doctrine of equivalents.

### THIRD DEFENSE

Each claim of the asserted patent is invalid for failing to satisfy one or more requirements of the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH DEFENSE

To the extent that any website accused by Plaintiff of infringing the asserted patent does not conduct relevant business in this State, this Court lacks personal jurisdiction over 1-800 Contacts.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under principles of equity, including laches, prosecution laches, waiver, estoppel, prosecution history estoppel, and/or unclean hands.

**SIXTH DEFENSE**

Plaintiff is barred from recovering damages and other remedies, in whole or in part, by 35 U.S.C. §§ 286 and 287. Plaintiff is also barred by 35 U.S.C. § 288 from recovering costs associated with this action.

**SEVENTH DEFENSE**

Plaintiff cannot prove that this is an exceptional case under 35 U.S.C. § 285 and, therefore, Plaintiff is not entitled to recover enhanced damages or attorneys' fees.

## COUNTERCLAIM

Defendant and Counterclaim-Plaintiff 1-800-Contacts, Inc. ("1-800-Contacts"), for its Counterclaim against Plaintiff and Counterclaim-Defendant Data Carriers, LLC ("Data Carriers") alleges as follows, incorporating herein by reference the admissions, allegations, and denials contained in its Amended Answer above as if fully set forth herein:

## PARTIES

1. 1-800-Contacts is a Delaware corporation with its principal place of business at 66 East Wadsworth Park Drive, Draper, Utah 84020.

2. Upon information and belief, Data Carriers is a Delaware limited liability company with its principal place of business at 4023 Kennett Pike, Suite 531, Wilmington, Delaware 19807.

## JURISDICTION AND VENUE

3. This counterclaim arises under the Federal Declaratory Judgment Act and the Patent Laws of the United States, more particularly under 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C. § 1 *et seq.*, respectively. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367 and 2201.

4. Jurisdiction in this Court is based upon 28 U.S.C. §§ 1331, 1338(a), 1367, 2201 and 2202.

5. Personal jurisdiction over Data Carriers is proper because, by initiating this suit for patent infringement in this Court, Data Carriers has consented to personal jurisdiction.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b), as alleged by Data Carriers in Paragraph 5 of the Complaint.

7. There is an actual controversy between 1-800 Contacts and Data Carriers regarding the validity of the ’198 Patent.

## COUNTERCLAIM I:
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,388,198

8. By accusing 1-800-Contacts of infringing the ’198 Patent, Data Carriers has taken the position that one or more claims of the ’198 Patent are valid and enforceable.

9. None of the claims of the ’198 Patent is valid and enforceable for failing to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112, because, *inter alia*, the technology of the invention claimed in the ’198 Patent was known in the art prior to the alleged invention thereof by the inventors named in the ’198 Patent.

10. An actual controversy exists between 1-800-Contacts and Data Carriers with respect to the validity of the ’198 Patent as evidenced by, *inter alia*, the Complaint and the Amended Answer and Counterclaim in this action.

11. A judicial declaration is necessary and appropriate in order for 1-800-Contacts to ascertain its rights in relation to the invalidity of the ’198 Patent.

12. 1-800-Contacts seeks a declaratory judgment that none of the claims of the ’198 Patent is valid and enforceable for failing to satisfy one or more requirements of the Patent Act,

35 U.S.C. § 1 et seq., including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

**JURY DEMAND**

1-800 Contacts demands a trial by jury of all issues so triable.

**PRAYER FOR RELIEF**

1-800 Contacts respectfully requests that this Court enter judgment in 1-800 Contacts' favor and grant the following relief:

a. an order and judgment declaring that 1-800 Contacts does not infringe any valid and enforceable claim of the '198 Patent;

b. an order and judgment declaring that the claims of the '198 Patent are invalid and/or unenforceable;

c. an order and judgment that Plaintiff is not entitled to any relief arising from its Complaint against 1-800 Contacts and dismissing Plaintiff's Complaint with prejudice;

d. an order and judgment declaring this an exceptional case and awarding 1-800 Contacts its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

e. any other relief that the Court may deem appropriate and just under the circumstances.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*
Mary B. Graham (#2256)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mgraham@mnat.com
*Attorneys for 1-800 Contacts, Inc.*

OF COUNSEL:

Clayton C. James
Srecko Vidmar
HOGAN LOVELLS US LLP
One Tabor Center, Suite 1500
1200 Seventeenth Street
Denver, CO 80202
(303) 454-2486

December 12, 2013
7848026